## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### November 25, 1921.

## THE PEOPLE v. ELIAS HELLER.

### (199 App. Div. 61.)

(1) FAILURE OF LANDLORD TO FURNISH HOT WATER IN VIOLATION OF LEASE AND PENAL LAW, § 2040—EVIDENCE NOT JUSTIFYING CONVICTION—MERE NEGLIGENCE OR ERROR OF JUDGMENT IN FAILING TO PROCURE COAL IN ORDER TO SUPPLY TENANT WITH HOT WATER INSUFFICIENT TO CONSTITUTE BASIS FOR FINDING OF GUILT.

The conviction of a landlord of the crime of wilfully violating the terms of a lease under section 2040 of the Penal Law, in failing to supply a tenant with hot water, which was due to the landlord's inability to secure coal, cannot be sustained on the ground that he should have placed his order earlier in the spring, where it appears that the landlord made every effort to get coal, for mere negligence or error of judgment is not sufficient to sustain a conviction. To warrant a conviction on that basis it was necessary to show that coal could have been procured if an order had been placed earlier and that the condition of the coal market was such in the spring that the necessary result of neglecting to file such an order earlier would be failure to get coal.

(2) SAME—WILFULLY DEFINED.

"Wilfully," as used in section 2040 of the Penal Law, means intentionally, purposely, designedly, and if the condition of the market was such that reasonable men might differ as to the necessity of giving an earlier order for coal, then failure to supply hot water by reason of delay in giving an order was not wilful.

(3) SAME—DOUBT EXPRESSED AS TO PREDICATION OF CONVICTION UPON OMISSION OCCURRING PRIOR TO THE DATE WHEN STATUTE BECAME EFFECTIVE.

Where it was not shown that after the section in question went into effect the defendant omitted any effort which good faith required in his endeavor to procure coal, it is a matter of some doubt whether a conviction can be based upon an omission occurring prior to the date when the statute went into effect.

APPEAL by the defendant, Elias Heller, from a judgment of the Court of Special Sessions of the City of New York,

Borough of Brooklyn, entered in the office of the clerk of the said court on the 7th day of January, 1921, convicting defendant of a violation of section 2040 of the Penal Law.

*Bennett E. Siegelstein,* for the appellant.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

JAYCOX, J.:

The defendant has been convicted of wilfully violating the terms of a lease. This is a new offense created by section 2040 of the Penal Law (added by Laws of 1920, chap. 131, as amd. by Laws of 1920, chap. 951), which went into effect September 27, 1920. It reads as follows: " Any lessor, agent, manager, superintendent or janitor of any building, or part thereof, the lease or rental agreement whereof by its terms, expressed or implied, requires the furnishing of hot or cold water, heat, light, power, elevator service, telephone service or any other service or facility to any occupant of said building, who wilfully or intentionally fails to furnish such water, heat, light, power, elevator service, telephone service or other service or facility at any time when the same are necessary to the proper or customary use of such building, or part thereof, or any lessor, agent, manager, superintendent or janitor who wilfully and intentionally interferes with the quiet enjoyment of the leased premises by such occupant, is guilty of a misdemeanor." It is admitted that on the dates mentioned in the information, November 2, 3 and 4, 1920, no hot water was supplied to the complaining witness, Mary Muller, because there was no coal with which to heat it. The proof shows that an order for 150 tons of coal was placed with Burns Brothers on either the 17th or 27th of June, 1920. The representative of Burns Brothers testified that the credit of the landlord,

Heller, was good and that every effort to fill the order had been made but that they could not obtain coal anywhere. The defendant testified that he made every effort to get coal; that when. Burns Brothers failed to furnish coal, he got as much coal as he could from local dealers and the ice man, and paid as high as eighty-eight dollars for four tons. This evidence was not disputed in any way. At the end of the case, after announcing that the court found the defendant guilty, the court said: " Of course, the court in its finding of guilty believes that the defendant was negligent in attending to getting in his supply of coal. It is common knowledge that people were advised to do it early in the spring, and because he didn't do it there was brought about a violation of the terms of the lease. That is the reason for the finding of guilty." It will be seen from this that the court below, with knowledge gained from experience, has found the defendant was " negligent " in not placing his order for coal earlier. Then upon this negligence it has based a finding that the defendant wilfully or intentionally failed to furnish hot water. These facts do not ·justify a conviction. To warrant a conviction, mere negligence or error of judgment was not sufficient. A conviction under this section for failure to purchase coal early in the season should be had only upon evidence which shows that coal could have been procured by giving an earlier order and that the condition of the coal market was such that the necessary result of neglecting to file such order earlier would be failure to get coal. If the condition of the market was such that reasonable men might differ as to the necessity of giving an earlier order for coal, then failure to supply hot water by reason of delay in giving an order was not wilful. To constitute a basis for a finding of guilt, the situation must have been such that the defendant could see in the spring that failure to order coal early would necessarily result in inability to get it when wanted. To justify a conviction this fact must have been patent in the spring. It was not sufficient that this conclusion could be arrived at in the fall.

" Wilfully," as used in this statute, means intentionally, purposely, designedly. Wilfulness and negligence are the opposites of each other; the one signifying the presence of a purpose and the other its absence. Both words, " wilfully or intentionally," being used in the statute, we think indicates clearly that it was the legislative intent not to make accidental or negligent failure to furnish hot water punishable criminally.

This conviction also presents this curious situation: The conviction is based upon an omission which occurred prior to the date when the statute went into effect, and it is, to say the least, a matter of some doubt whether a conviction can be predicated upon such an omission. It is not shown that after the section in question went into effect the defendant omitted any effort which good faith required in his endeavor to procure coal.

The conviction should be reversed and, as the facts cannot be changed upon a new trial, the information should be dismissed.

PUTNAM and MANNING, JJ., concur; BLACKMAR, P. J., and KELLY, J., concur in the result.

Judgment of conviction by the Court of Special Sessions reversed, and, as the facts cannot be changed upon a new trial, the information is dismissed and defendant discharged.